IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 2 0 2012

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

| | | |
|---|---|---|
| JASON GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-858-A |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the amended notice of removal filed
in the above-captioned action by defendant, Bank of America, N.A.
Defendant has alleged diversity of citizenship under 28 U.S.C. §
1332 as the sole basis for removal.  Having considered the first
amended notice of removal and the original state court petition
of plaintiff, Jason Gutierrez, attached thereto, the court
concludes that defendant has failed to sufficiently allege the
required amount in controversy, and that the case should be
remanded to the state court from which it was removed.

I.

Background

Plaintiff initiated this action by filing his original
petition against defendants on October 24, 2012, in the District
Court of Tarrant County, Texas, 352nd Judicial District, as Cause

No. 352-262601-12.  Defendant then removed the action to this court.  On December 20, 2012, pursuant to this court's order, defendant filed its first amended notice of removal.  Defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

In the prayer of his petition, plaintiff does not state a specific amount of damages.  Nor is there any other statement of the amount of damages contained elsewhere in the petition.  However, defendant contends that in the context of foreclosure proceedings, the proper measure of the amount in controversy is the value of the subject property, which defendant asserts is $158,500.00.  Defendant also contends that courts have also relied on the amount owed on a loan to determine amount in controversy.  In support of its position, defendant cites to legal authority standing for the proposition that the right, title, and interest plaintiff has in the property constitutes the proper measure of the amount in controversy in an action such as this one, where plaintiff could be divested of the property entirely.  Notice of Removal at 2-3.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

## II.

### Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

3

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

III.

<u>Analysis</u>

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the

4

extent of the injury it seeks to prevent. As a result, the court evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to maintain possession of residential property plaintiff used as security for the making of a loan. As the petition alleges, plaintiff pursues these goals by seeking an order (1) barring any foreclosure or forcible detainer proceedings, and (2) awarding unspecified damages and attorney's fees. Notice of Removal, Ex. A-2 at 18-19. Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 4 (citing Garcia v. Koch Oil Co. of Tex., 351 F.3d 636, 640-41 (5th Cir. 2003)). Defendant relies on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. Am. Notice of Removal at 4. In its amended notice of removal, defendant

suggests that the value of the property is approximately $158,500.00.  Am. Notice of Removal at 4.

The court is not persuaded by the argument that the above figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity he has in the property.  Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy.  That is, for example, defendant's attribution of the $158,500.00 figure as damages is an act of its own doing--not plaintiff's.  To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property.  Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals.  While plaintiff appears to request equitable relief based on a claim

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009).  The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961).  This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action.  See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

that he is entitled to hold legal title in the property, he does not assert that such relief is based on a claim that he has outright ownership of the property, free from any indebtedness. Indeed, plaintiff makes statements to suggest that his ownership of the property is encumbered by a debt, as the petition describes a note and deed of trust, and questions whether defendant is the rightful owner or holder of the note and deed of trust.  The value to plaintiff of his rights in the litigation is, at most, the value of his interest in the property, not the value of the property itself.  Thus, defendant has not established the value of plaintiff's interest in the property.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 20, 2012.

JOHN McBRYDE
United States District Judge